THE PEORIA FAIR ASSOCIATION

*v.*

THE PEOPLE *ex rel.* F. D. Weiennett, Collector.

*Filed at Ottawa November 17, 1884.*

1. TAXATION—*question of exemption—by whom to be finally determined.* The determination of the board of supervisors that certain lands are not exempt from taxation, is not conclusive upon the owner on an application by the collector for judgment against the same for taxes, and the county court may rightfully decide the question on such application.

2. The board of supervisors are authorized by law to hear and determine the application of any person assessed on property claimed to be exempt, and an appeal lies to the Auditor of Public Accounts, who is required to bring the matter before this court, and its decision alone is conclusive.

APPEAL from the County Court of Peoria county; the Hon. LAWRENCE W. JAMES, Judge, presiding.

This was an application by the collector of Peoria county for judgment against certain lands and lots, for delinquent taxes. The collector filed his delinquent list, proof of notice, etc., and thereupon moved for judgment. The Peoria Fair Association submitted objections in writing, as follows:

"And thereupon comes the Peoria Fair Association, and in writing objects to the rendition of judgment against its property, etc., described as follows: Lot 1, John Birkett's subdivision of the south-east quarter of section 34, township 9, north, range 8, east, wrongfully assessed to John Hall, $12\frac{66}{100}$ acres, tax assessed, $45.82; lot 6, in same subdivision, same section, $16\frac{80}{100}$ acres, taxes assessed, $50.26; lot 9, same subdivision, same section, tax assessed, $3.46,—for said tax, or any part thereof, because this defendant shows that said lands, and all of the same, and each and every part thereof, now and at the time of said assessment, and for more than five years prior to the said assessment, have been used by said society for agricultural, horticultural, mechanical and philosophical purposes exclusively, and not for pecuniary profit, and the objector pleads and claims the benefit of the constitutional provision in respect to such societies, and of the statute, being the tenth clause of section 2, chapter 120, entitled 'Revenue,' and says and shows that said lands were not, under the laws, taxable, but were and are exempt from taxation."

The People, by the county attorney, moved to strike said objections from the files, because, first, the objections relate to questions of fact determined by the township assessor; second, said objections should have been made to the county

board, as that is the proper tribunal to determine; third, the objections are not made to any items on the face of the assessment, nor ·do they show that since making the same it has been satisfied or annulled; fourth, the objector made claim to the exemption stated before the county board, under the statute, and the board decided the lands were not exempt from taxation, as claimed; and fifth, the court has no jurisdiction to determine the case.

It was admitted that the objector did, on the 18th of April, 1884, petition the board of supervisors to strike said lands from the assessment roll. The petition was set out in full, but the board refused the petition, and within a few moments after did adjourn for the term.

The objector offered to prove by a witness then in attendance, the truth of the facts stated in the objection, but the court excluded the said proof, and the objector, by counsel, then and there excepted. The court then rendered judgment against said objector, and against said lands, in statutory form, to which the objector excepted.

The objector deposited the full amount of the judgment, and all costs, with the county collector, and thereupon prayed an appeal to the Supreme Court, which was allowed.

The errors assigned are, first, the court erred in striking the petition from the files; and second, the court erred in rendering judgment against said lands, because they were exempt from taxation.

Messrs. WELLS & KEITHLEY, for the appellant.

Mr. JOHN M. NIEHAUS, State's Attorney, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is provided by section 2, clause 10, of chapter 120, of the Revised Statutes of 1874, entitled "Revenue," that "all property which may be used exclusively by societies for agri-

36—111 ILL.

cultural, horticultural, mechanical and philosophical purposes, and not for pecuniary profit, shall be exempt from taxation;" and the only question that need be considered arising upon this record is, whether the determination of the board of supervisors that appellant's property is not exempt from taxation, is conclusive upon it in this proceeding.

The board of supervisors are authorized, by section 97 of the Revenue act, *ut supra,* to hear and determine the application of any person who is assessed on property claimed to be exempt from taxation. An appeal from the decision of the board is authorized, to the Auditor of Public Accounts, who is required to then bring the matter before this court; but it is expressly provided at the end of the section, that "the collection of the tax shall not be delayed thereby, but in case the property is decided to be exempt, the tax shall be abated or refunded." It is therefore clear that the decision is not intended to otherwise affect the proceeding to collect the tax. It is but a mode of bringing such cases before this tribunal, and it is the only judicial tribunal whose action is contemplated in the proceeding. Of course, if prior to the application to obtain judgment in the county court the question had been brought before this court, and this court had passed upon it, its judgment would be conclusive upon the county court,—the question would be *res judicata;* but to hold that the mere determination of the board of supervisors is, of itself, final, in any case, is to totally disregard the language of the section. Even the judgment of the county court, in applications like the present, is, by the first clause of section 224 of the same act, made only *prima facie* evidence that the real estate is subject to taxation.

The judgment is reversed and the cause remanded.

*Judgment reversed.*