LEWIS DUTTON

*v.*

THE BOARD OF REVIEW OF PIKE COUNTY.

*Opinion filed December 20, 1900.*

1. TAXATION—*when appeal lies from decision of board of review.* The right of appeal from the decision of a board of review is restricted to cases in which it is claimed the property in question is exempt from taxation and the board decides it is subject thereto.

2. SAME—*what necessary to constitute a claim that property is exempt.* The word "exempt," as used in the fourth clause of section 35 of the Revenue act of 1898, which relates to appeals from the decision of the board of review, refers to property which the owner claims is not subject to taxation in this State, and not to property which the owner claims should be assessed and taxed in another county than the one which has made the assessment.

3. SAME—*different classes of exempt property.* That property is exempt from taxation over which the sovereign power of the State does not extend, or over which such power extends but the right to tax has been expressly relinquished by legislative grant, or if, though lawfully subject to taxation, it is not embraced in the description of any general class of property required to be taxed.

ORIGINAL petition for *mandamus.*

This is a petition filed by Lewis Dutton in this court praying a writ of *mandamus* may be ordered to issue out of this court commanding I. D. Webster, Abel Dunham and John R. Gicker, as members of the board of review of the county of Pike, to forthwith direct the clerk of the said board of review to make out and transmit to the Auditor of Public Accounts of the State of Illinois a statement of all the facts in a case heard by the said board, wherein the said board decided and ordered that an assessment should be entered on the assessor's book in the said county of Pike for the year 1900 against the petitioner, on credits other than bank or banker, omitted from assessment in the years 1881 to 1896, inclusive, (except the year 1888,) in certain specified sums for each of said years.

The petition avers that in response to a notice given him by the board that said board was about to review his assessments for the years prior to 1898, the petitioner filed with the board the following affidavit:

"STATE OF ILLINOIS, } *ss.*
  *County of Pike.* }

"Lewis Dutton, being first duly sworn, on oath states that he is not now and has not been a resident of Pike county, Illinois, since about the year 1880, but that since that time he has been continuously, and now is, a resident of Cook county, Illinois, and his present address and place of residence is 6438 Parnell avenue, Chicago, Cook county, Illinois. Affiant further says that during all the said time he has not had, and does not now have, an agent in said Pike county authorized to, in any manner, use or control his moneys or credits.

LEWIS DUTTON.

"Subscribed and sworn to before me, Helen M. Adams, a notary public, this 8th day of September, A. D. 1900.

[Seal.]                    HELEN M. ADAMS, *Notary Public.*"

—that a hearing of the matter was had on the 10th day of September, 1900, at which the petitioner introduced proper documentary evidence and the testimony of numerous witnesses establishing the domicil and residence of your petitioner in the city of Chicago and county of

Cook, and showing that your petitioner had continuously resided in the county of Cook and State of Illinois during all of said years, and had never, at any time during said years, resided in the county of Pike and State of Illinois, and was and had been, during all of said period, subject to and liable to be assessed and taxed in said Cook county on moneys and credits other than bank, banker, etc., but that the board held and decided that the petitioner was liable to be taxed on credits other than bank or banker for certain specified years prior to 1898 aforesaid; that petitioner filed written objections. and exceptions to the findings and determination of the board, and in writing prayed an appeal therefrom to the State Auditor, and requested said board to direct the clerk to make up, certify and transmit to the Auditor a brief statement of the case to be by the Auditor presented to this court for decision, and that said board of review failed and refused to so order and direct the clerk, and the clerk of the board refused to act until so directed by the board.

On behalf of the said board of review, A. Clay Williams, State's attorney of said county of Pike, interposed a demurrer to the said petition. The ground of the demurrer is, that an appeal can be prosecuted only from a decision of the board of review that property claimed to be exempt from taxation is not so exempt, and that it does not appear from the face of the petition that the property assessed by the said board of review, and from whose action in making said assessment the said petitioner desires to appeal, was and is exempt from taxation, as is provided by section 2 of the Revenue law. The cause was submitted to this court upon the petition and the demurrer thereto.

WILLIAMS & COLEY, and MATTHEWS & GRIGSBY, for petitioner.

A. CLAY WILLIAMS, for respondent.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The right of appeal from the decision of a board of review is restricted to cases in which it is claimed the property in question is exempt from taxation and the board decides that such property is liable to be taxed. (Hurd's Stat. 1899, chap. 120, par. 329, clause 4; *Keokuk Bridge Co.* v. *People*, 185 Ill. 276.) Property over which the sovereign power of the State does not extend cannot be made the object of taxation in this State. Property of that character, it was said in *McCollough* v. *Maryland*, 4 Wheat. 409, is, upon the soundest principles, exempt from taxation. Property over which the sovereign power of the State extends and upon which the State has a right to impose the burden of taxation, but which by an express grant of the State has been given immunity from such burden, is also exempt from taxation. Property which may lawfully be made subject to taxation but which is not embraced in the description of any general class of property required to be taxed, is also properly said to be exempt. The omission of such property from such enumeration is equivalent to an affirmative declaration of exemption. Consult text of article on "Exemption from Taxation," 12 Am. & Eng. Ency. of Law, (2d ed.) p. 270, and cases cited in the notes.

We think the word "exempt," employed in that sentence of the said fourth clause of paragraph 329 of said chapter 120 which provides for an appeal from the decision of the board of review, should be interpreted to refer to and mean property which is not within the sovereign power of the State to tax, and property upon which the State might lawfully impose that burden but which right or power has been relinquished by an express legislative grant or enactment, or by the forbearance to tax which is sometimes to be implied from the omission of property from the enumeration of the subjects of taxation

in a statute purporting to declare what property shall be required to be taxed in the particular jurisdiction.

Counsel for the petitioner, though conceding the question was not directly raised or passed upon, insist that the cases of *Scripps* v. *Board of Review of Fulton County*, 183 Ill. 278, *Greenleaf* v. *Board of Review of Morgan County*, 184 id. 226, and *Keokuk Bridge Co.* v. *People*, 185 id. 276, are authority for the view that the said word "exempt" means property which, for any reason, is not liable to assessment for taxation in the jurisdiction of the particular board of review, and urges that an appeal will lie in the case at bar for the reason the issue before the board was whether the property which the board ordered to be assessed in the county of Pike was subject to assessment for taxation in that county or in the county of Cook. Neither of the cases cited warrants this position. In the *Scripps case* the claim was that credits in the sum of $118,-000, assessed for taxation in the county of Fulton, in the State of Illinois, were subject to the jurisdiction and laws of the State of Iowa, and for that reason not subject to taxation under the laws of the State of Illinois. In the *Greenleaf case* the claim of the property owner was that the taxable *situs* of the property assessed for taxation in the county of Morgan was in the State of Kansas and that it was not subject to taxation in the State of Illinois. In the *Keokuk Bridge Co. case* the contention of the bridge company was that a portion of the bridge located beyond the territorial jurisdiction of the State of Illinois and in the State of Iowa, and which was, therefore, exempt from taxation in Illinois, was by the decision of the board of review of Hancock county, Illinois, held to be subject to taxation in the State of Illinois. It was claimed in each of the cases that it was not within the sovereign power of the State to impose the burden of taxation upon the property of the appellant property owners.

The power of the State to impose the burden of taxation upon property does not extend to property which

has no *situs*, either actual or constructive, within this State, (Cooley's Const. Lim.—6th ed.—615,) and such property may be said, with no incorrectness of speech, to be exempt from taxation under the laws of this State. The phrase "exemption from taxation" has been construed in certain instances to mean a positive, affirmative exemption from taxation granted by some specific provision of law; but we entertained jurisdiction of the appeals in the cases cited by counsel, in the view that a broader and more comprehensive meaning should be given to the word "exempt" as employed in the said fourth clause of paragraph 329 of our Revenue act, and that the right to an appeal should be allowed in all cases where it was claimed by the property owner that his property is not subject to taxation in this State. But this construction of the statute does not give the petitioner the right of appeal from the decision of the board recited in the petition. He did not claim the property ordered by the board to be assessed was not subject to the taxing power of the State, that the sovereign power of the State to levy taxes did not embrace it, or that the State had relinquished the right to subject it to taxation either by express affirmative action or by omitting it from the description of property required to be taxed, as enumerated in the statutes of the State. The contention of the petitioner before the board of review was that the taxable *situs* of his property was in the county of Cook and not in the county of Pike. The right of appeal from the decision of that contention by the board of review is not given by the statute, but, as we held in *Keokuk Bridge Co.* v. *People, supra,* is denied by way of implication.

The demurrer must be and is sustained, and judgment entered that the writ be denied.            *Writ denied.*