MARY J. MAXWELL

*v.*

THE PEOPLE *ex rel.* Freise, County Collector.

*Opinion filed February 20, 1901—Rehearing denied April 11, 1901.*

1. TAXES—*rights of a property owner where board decides against his claim of exemption.* If a board of review decides against a property owner's claim that his personal property is exempt from taxation in this State, the owner may appeal to the Auditor, as provided in paragraph 4 of section 35 of the Revenue act of 1898, and if the Auditor refuses to present the case to the Supreme Court, the owner may urge the objection against the entry of judgment of sale, and is not confined to *mandamus* to compel the Auditor to act.

2. SAME—*personal property having no situs in this State cannot be taxed here.* Personal property having no *situs,* either actual or constructive, within this State, is exempt from taxation here.

3. SAME—*remedies by appeal to Auditor and by objection to application for sale are concurrent.* The remedy by appeal to the Auditor, as provided in paragraph 4 of section 35 of the Revenue act of 1898, where the board of review decides against a property owner's claim

of exemption from taxation, is merely cumulative to the remedy by objection to the entry of judgment of sale, and, being concurrent remedies, the owner may pursue either.

4. SAME—*remedy prescribed by section 35 begins with Auditor's presentation of case.* The remedy by appeal, prescribed in paragraph 4 of section 35 of Revenue act of 1898, where the board of review decides against a claim of exemption, begins, in so far as it is purely a judicial remedy, with the presentation of the case by the Auditor to the Supreme Court, since the Supreme Court entertains the case in the exercise of its original and not its appellate jurisdiction.

BOGGS, C. J., dissenting.

APPEAL from the County Court of Mercer county; the Hon. W. T. CHURCH, Judge, presiding.

This is an appeal from a judgment, entered by the county court of Mercer county upon application of the county collector for judgment and order of sale of lands for delinquent taxes. The judgment, so far as it applies to the present appellant, Mary J. Maxwell, was rendered at the October term, 1900, against the south-east quarter of section 8, in township 14, north, range 1, assessed in said county, for personal taxes, interest and costs, overruling the objections filed by appellant in said court to the entry of such judgment. The judgment was against said real estate of appellant for $348.12, together with costs, penalties and interest thereon. The judgment against the appellant for $348.12, etc., was for personal property taxes extended against her for the years 1898 and 1899.

The objection, filed by appellant to the entry of judgment, was that she had paid all taxes in said county except $348.12 personal property tax for the years 1898 and 1899; that her unassigned dower in the real estate sought to be sold was not liable for taxes; that since April, 1898, she had no personal property in Mercer county, Illinois, except a small amount of household goods, upon which she has paid the taxes; and that since April, 1898, she has not been a resident of said county.

John A. Maxwell was in his lifetime a resident of the village of Windsor, Rivoli township, in said county of Mercer, and he died there intestate on February 10, 1897, leaving his widow, Mary J. Maxwell, the present appellant, and three children, to-wit: James B. Maxwell, Grace G. Maxwell and George C. Maxwell, the latter of whom then was, and still is, a minor. On March 2, 1897, letters of administration were issued by the county court of that county to James B. Maxwell on the estate of his deceased father. On February 28, 1898, letters of guardianship were issued by the same court to the present appellant, Mary J. Maxwell, as guardian of her minor son, George C. Maxwell. Prior to May 1, 1898, the administrator made a distribution of all the personal estate of the deceased John A. Maxwell, the widow, Mary J. Maxwell, receiving $18,000.00, and each of the children $12,-000.00 in moneys, bonds and notes. In April, 1898, the appellant and her said children removed from Mercer county to the State of California, and took all their personal property with them, except a small amount of household goods belonging to Mary J. Maxwell, which were packed and ready for shipping, and placed in storage to be shipped to her in California upon her direction thereafter to be given; and they were actually shipped to her in California, July, 1899. The house, where they had been residing in Mercer county, was rented when they left, and was thereafter sold and conveyed by warranty deed by appellant to one Streeter in February, 1900.

In 1898 neither appellant, nor either of her children, was assessed with any personal property tax in Mercer county, except that appellant was assessed for the household goods, packed and left behind as above stated, on which she paid taxes for 1898. In 1899 the local assessor in said township assessed each of them with "moneys other than of bank," apparently with a view of assessing the property received from the estate of John A. Maxwell. Appellant, for herself, and as guardian of her

minor child, and her two adult children appeared before the board of review of that county, and complained in writing against the assessments, upon the ground that they were non-residents of the State, and owned no moneys or credits, having a *situs* for purposes of taxation in Mercer county on April 1, 1899. The board of review overruled this complaint as to the appellant, in her own right and as guardian of her minor child, and as to her daughter Grace G. Maxwell. At the same time, the board ordered each of the parties to show cause why they should not be assessed upon the same property for the year 1898 as property omitted from the assessment that year, to which they also objected upon the ground that they were not residents of Illinois, but were residents of California on May 1, 1898, and owned no money or credits with a *situs* for taxation in Illinois on May 1, 1898. The board overruled this objection, as to appellant and her daughter and minor son, and ordered that they should be assessed with the same moneys for which they had been assessed for the year 1899.

Under paragraph 4 of section 329 of chapter 120 of Hurd's Revised Statutes of 1899, being section 35 of the act of 1898, for the assessment of property, (Hurd's Rev. Stat. 1999, p. 1452,) appellant, for herself and as guardian of her minor child, and her daughter, Grace G. Maxwell, prayed an appeal. Statements of all the cases were then made by the clerk under the direction of the board, and transmitted to the Auditor. The Auditor refused to take any action in the premises, and returned the statements to the clerk of the board of review on September 13, 1899, saying that he could not certify the same to the Supreme Court for hearing for the reasons set out in a letter to him, written by the Attorney General of the State, a copy of which was enclosed. In the letter so written by the Attorney General, the latter advised the Auditor that the papers of record, connected with the assessment of appellant and the others, did not in his

opinion present a case or cases within the fourth clause of said section 35; that the Supreme Court would obtain no jurisdiction over such assessments by his certificate; that the matters involved related to the residence of the parties and the *situs* of their property for taxation; and that no claim was made by the parties that the property assessed was exempt from taxation under section 2 of the old revenue law. Accordingly, in said letter the Attorney General advised the Auditor to refuse to certify the case or cases to the Supreme Court, and let the parties interested seek some other appropriate remedy.

ROBERT L. WATSON, and GUY C. SCOTT, for appellant.

JAMES M. BROCK, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The questions, involved in this case, arise out of objections, made to the entry of judgment and order of sale for delinquent taxes upon an application therefor by the county collector. The tax, for which judgment was entered in the county court, is not a real estate tax, but a personal property tax, and is sought to be enforced against land, alleged to be owned by the appellant, under that section of the Revenue act, which provides that real property shall be liable for taxes levied on personal property, where said tax cannot be made out of the personal property. (3 Starr & Curt. Ann. Stat.—2d ed.— p. 3509). The judgment embraces a tax upon personal property for the year 1899, and an omitted tax upon personal property for the year 1898. Under the old revenue law personal property was listed with reference to the quantity, held or owned on the first day of May. (Hurd's Rev. Stat. 1899, p. 1394). Under the revenue or assessment law of 1898, personal property is listed with reference to the quantity held or owned on the first day of April in the year, for which the property is required to

be listed.   Appellant claims, that she was not liable to be taxed upon her personal property, either for the year 1898, or for the year 1899, upon the alleged ground that she became a resident of California in April, 1898, and has been a resident of that State ever since, and that on May 1, 1898, she had no moneys or credits, having a *situs* for taxation, in Illinois, and has not had any moneys or credits, so located as to be taxable in Illinois, at any time since that date.

The evidence, introduced upon the hearing of the objections in the court below, clearly establishes that appellant was not a resident of Illinois on May 1, 1898, and had no money or credits subject to taxation in that State at that time, and that, ever since said date, she has been such non-resident of Illinois, and has had no personal property in that State subject to taxation.   This being so, it would seem to be clear, that the court below should have sustained the objection, made to the entry of judgment for the tax.

Section 1 of the Revenue act provides for the assessment and taxation of "all real and personal property in this State."   Consequently, if the personal property sought to be taxed is not in this State, it is not subject to assessment and taxation.   In *Goldgart* v. *People*, 106 Ill. 25, we said: "If the owner be resident in the State, there is jurisdiction over his person, and over his credits also, which, in legal contemplation, in the absence of anything showing they have a *situs* elsewhere, accompany him.   If the owner is absent, but the credits are in fact here in the hands of an agent for renewal or collection with the view of re-loaning the money by the agent as a permanent business, they have a *situs* here for the purpose of taxation, and there is jurisdiction over the thing."   In the recent case of *Dutton* v. *Board of Review*, 188 Ill. 386, we said: "Property, over which the sovereign power of the State does not extend, cannot be made the object of taxation in this State."

The appellee, however, contends that, inasmuch as the appellant presented her cause to the board of review and sought the decision of that board, and took her appeal to the Auditor as provided by the statute, she can not now abandon the course so selected, and urge the objection that her property is exempt from taxation, or not subject to taxation, by presenting it in opposition to the entry of judgment of sale in the county court. In other words, the People here contend that the action of the board of review, in holding that appellant's property was not exempt from taxation, was final, and that, if she had any remedy, it was by appeal under paragraph 4 of section 35 of the Revenue act of 1898, and that, when the Auditor refused to act, she should have proceeded against him by *mandamus.*

The first answer, which appellant makes to the contention of the appellee, is that the term, "exempt," as used in said paragraph 4 means the same property that is made exempt by section 2 of the Revenue act. Appellant claims, that the term "exempt" describes property, which has been removed from the operation of the general statute providing for taxation of all property in the State; that it does not apply to property without the State, upon the alleged ground that the last named property is not, and never was, within the provision of the statute providing that property should be exempt from taxation, and that, therefore, no case is presented for action under paragraph 4. But the case of *Dutton* v. *Board of Review, supra,* decides that the word, "exempt," as used in the fourth clause of section 35, which relates to appeals from the decision of the board of review, applies to property, which is not subject to taxation because it is not in this State. In the latter case we said: "The power of the State to impose the burden of taxation upon property does not extend to property, which has no *situs* either actual or constructive within this State, * * * and such property may be said, with no incorrectness of

speech, to be exempt from taxation under the laws of this State."

But, upon the theory that her personal property was exempt because she was a non-resident of the State of Illinois, and because her personal property was not in Illinois, the appellant did all that she could do to take the appeal, provided for in said paragraph 4. That paragraph provides as follows: "If the board of review shall decide that property so claimed to be exempt is liable to be taxed, and the party aggrieved at the time shall pray an appeal, a brief statement in the case shall be made by the clerk, under the direction of the board, and transmitted to the Auditor, who shall present the case to the Supreme Court in like manner as hereinbefore provided." Appellant did pray an appeal, and the statement was made by the clerk under the direction of the board and transmitted to the Auditor, but the Auditor, under the advice of the Attorney General, refused to present the case to the Supreme Court in accordance with the directions contained in said paragraph 4. The Attorney General was of the opinion, and so advised the Auditor, that the matter involved related merely to the residence of the appellant and the *situs* of her property for taxation, and that the case did not come within the meaning of said fourth clause, which provided for cases where personal property was claimed to be exempt from liability to taxation.

The question then arises, whether appellant, after such refusal of the Auditor to present the case to this court, was limited to the remedy by *mandamus* against the Auditor to compel him to present the case to this court, or whether she had a right to make the objection that her property was exempt, when application was made to the county court for judgment.

It is clear, that the case at bar does not come within that class of cases where, after the decision of the board of review holding that the property is not exempt but is

liable to taxation, the party aggrieved fails to pray an appeal under said paragraph 4, which is the same as paragraph 3 of section 97 of the old revenue law of 1872, except that in the latter law the body, from whom the appeal was to be taken, was the county board instead of the board of review. Here, the fact, that the case was not presented to this court under the provisions of paragraph 4, was not due to the fact that the appellant did not procure a statement of the case to be made and transmitted to the Auditor, but to the fact that the Auditor, under a mistaken view of his duty, failed to present the case to this court. It surely would be a great injustice, if the appellant should be deprived of her right to present the question here involved to this court, when she did all that it was in her power to do, and all that the statute required her to do, in order to accomplish that result.

There is authority in support of the position, that the objection here under consideration can be made in the county court upon the application of the collector for judgment and order of sale. In *Peoria Fair Ass.* v. *People,* 111 Ill. 559, the proceeding was an application by the collector of Peoria county for judgment against certain lands and lots for delinquent taxes; and the fair association objected in writing, that its lands were used by the society for agricultural, horticultural, mechanical and philosophical purposes, and that, under the constitution and the statute in regard to such societies, its property was not taxable, but was exempt from taxation. In that case, it appeared that the objector made claim to the exemption stated before the county board under the statute, and the board decided that the lands were not exempt from taxation; and it also appeared that, in that case, no appeal was prosecuted from the decision of the county board to the Auditor of Public Accounts. Notwithstanding no such appeal was taken, the court considered the objection made, and held it to be valid, and, in speaking

of an appeal from the decision of the board to the Auditor of Public Accounts, it was there said: "It is but a mode of bringing such cases before this tribunal, and it is the only judicial tribunal whose action is contemplated in the proceeding. Of course, if, prior to the application to obtain judgment in the county court, the question had been brought before this court, and this court had passed upon it, its judgment would be conclusive upon the county court,—the question would be *res judicata;* but to hold that the mere determination of the board of supervisors is, of itself, final, in any case, is to totally disregard the language of the section." In *Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323, it was said that the remedy, provided by the 97th section of the Revenue law, which is the same as the remedy provided by said paragraph 4 with the exception of the difference already named, "is cumulative only,—and so we expressly decided in *Peoria Fair Ass.* v. *People ex rel.* 111 Ill. 559."

In *Keokuk Bridge Co.* v. *People,* 161 Ill. 132, the objection was made in the county court in a proceeding by the county collector for judgment for delinquent taxes, and we there said (p. 140): "On an application for judgment against lands for delinquent taxes, a defense may be made that a tax is unauthorized by law, *or is assessed upon property not subject to taxation,* or that the property has been fraudulently assessed at too high a rate." The same objection was made in a proceeding for judgment for taxes before the county court in the following cases: *Goldgart* v. *People, supra; Keokuk and Hamilton Bridge Co.* v. *People,* 145 Ill. 596; *Keokuk Bridge Co.* v. *People,* 167 id. 15; *People* v. *Theological Seminary,* 174 id. 177.

Section 191 of the Revenue act of 1872 provides that the court shall examine the list of delinquent lands returned by the clerk, "and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear

and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be." (Hurd's Rev. Stat. 1899, p. 1426). This provision has been retained in the Revenue law since the passage of the act of 1898. (Hurd's Rev. Stat. 1899, p. 1426). Section 55 of the act of 1898 provides that "all the provisions of the general Revenue law in force prior to the taking effect of this act shall remain in force and be applicable to the assessment of property and collection of taxes except in so far as by this act is otherwise expressly provided." (Hurd's Rev. Stat. 1899, p. 1457). The two remedies, namely: that provided for in paragraph 4 of section 35 of the act of 1898, and the remedy by objection in the county court to the entry of judgment against delinquent lands, as provided for by section 191 of the Revenue act, are both to be found in the same act of the legislature, and are concurrent. Even if the remedy, provided in paragraph 4 of section 35, be regarded as the later remedy, it would be merely cumulative to the older remedy of objection in the county court to the entry of judgment, and not exclusive of the same. It is well settled that, where a statute gives a new remedy, and contains no negative express or implied of the old remedy, the new one provided by it is cumulative, and the party may elect between the two. (*Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 Ill. 141; *Mackin* v. *Haven*, 187 id. 480). But, as both remedies are provided for by the same act, it would seem to follow that the aggrieved party would have the right to pursue either remedy.

It is a mistake to suppose, that paragraph 4 of section 35 provides for an appeal from the decision of the board of review upon this subject to the Supreme Court of the State. What is called an appeal in that section is taken from the board of review to the Auditor, and consists merely in the making out and forwarding to the Auditor by the clerk of the board, under the direction of

the board, of a full and complete statement of the facts in the case. The Auditor then presents the case, so sent up to him, to the Supreme Court. The board of review is a non-judicial body; there can be no such thing as an appeal from the board of review to the Supreme Court of the State, which is a judicial body. The judicial powers, under the constitution of the State, are vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns. (Const. art. 6, sec. 1). No judicial power is vested in any such body as the board of review. (*Chicago, Santa Fe and California Railway Co.* v. *Lorance,* 180 Ill. 180; *People* v. *Comrs. of Highways,* 188 id. 150). Appellate jurisdiction is the attribute of a court created for reviewing the decisions of inferior courts, and not of inferior bodies non-judicial in character. (*People* v. *Cook Circuit Court,* 169 Ill. 201). The Supreme Court entertains the case, presented to it by the Auditor under paragraph 4 of section 35, in the exercise of its original jurisdiction. This court has original jurisdiction in cases relating to the revenue, and *mandamus,* and *habeas corpus.* (*People* v. *Cook Circuit Court, supra*). The remedy, therefore, prescribed by paragraph 4, so far as it is a purely judicial remedy, begins only upon the presentation of the case by the Auditor to the Supreme Court.

In the case at bar, the matter never was presented by the Auditor to the Supreme Court and, therefore, the remedy prescribed by paragraph 4, so far as it is a judicial remedy, was never abandoned by the appellant. The prosecution of the matter after the presentation of the papers to the Auditor was beyond the control of the appellant, and it was not her fault that the case was not presented to this court by the Auditor. It cannot be said that, in this case, the appellant is estopped from objecting to the entry of judgment against her land upon the ground that her personal property was exempt from tax-

ation, because of any election of remedy prescribed by paragraph 4, and a subsequent abandonment of the same.

Indeed, the doctrine, that a judgment by a tribunal, which has no jurisdiction, may be attacked anywhere, even in a collateral proceeding, applies here if the board of review should be held to be a *quasi* judicial tribunal. It had no jurisdiction over the personal property of the appellant in this case, because the statute expressly says that only real and personal property in the State shall be assessed and taxed, except so much thereof as may be by the Revenue act exempted, and the board of review acted upon property, which was not in the State and belonged to a non-resident of the State. Hence, it had no jurisdiction, and its act was absolutely void. In this view of the matter there can be no question that this appellant had the right to make this objection in the proceeding before the county court.

For the reasons above stated we are of the opinion, that the county court erred in not sustaining the objection, made to the entry of judgment against the land of the appellant. In view of this conclusion, it is unnecessary to consider the further point, made by the appellant, that appellant's interest in the land in question, being merely a dower interest and never having been assigned, could not be sold under the judgment of the county court.

The judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. CHIEF JUSTICE BOGGS, dissenting.