AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1924, IN
THE ONE HUNDRED NINTH AND ONE HUNDRED
TENTH YEARS OF THE STATE.

---

NEW ALBANY TRUST COMPANY, TRUSTEE, *v.* TAYLOR,
TREASURER.

[No. 11,871.  Filed October 14, 1924.]

1. TAXATION.—*Relief not granted taxpayers for fraud of officers procured by fraud of taxpayers.*—Equitable relief will be granted taxpayers for fraud on part of taxing officers in the assessment of property, but this rule is not applicable to assessments procured by the fraud of the taxpayers.  p. 3.

2. TAXATION.—*Excessive fraudulent valuation of bank stock owned by officers will not render assessment enjoinable by creditors.*—The action of the officers of a bank, who were the owners of the major portion of the stock therein, in listing the stock for taxation at an exorbitant valuation, in order to conceal the insolvency of the bank, and thereby mislead the State Board of Tax Commissioners and influence the board to place an excessive valuation on said stock, would not render the assessment void so its collection might be enjoined by an assignee for the benefit of the creditors of such officers.  p. 3.

From Harrison Circuit Court; *Thomas J. Wilson,*
Judge.

Suit by New Albany Trust Company, as trustee for
the benefit of the creditors of George W. Applegate,
Benjamin S. Applegate and Wilson E. Cook against
William L. Taylor, as treasurer of Harrison county,

to enjoin the collection of certain taxes. From a judg-. ment for defendant, the plaintiff appeals. *Affirmed.*

*Charles L. Jewett* and *Walter V. Bulliet,* for appellant.

*H. C. Hays, C. B. Hays* and *Thomas S. Jones,* for appellee.

REMY, J.—Suit by appellant against appellee to enjoin the collection of certain taxes. It is averred in the complaint, in substance, that on March 1, 1921, George W. Applegate, Benjamin S. Applegate and Wilson E. Cook were officers and stockholders of the Corydon National Bank which had a paid up capital stock of $100,000, represented by one thousand shares of the par value of one hundred dollars per share; that the Applegates each owned three hundred three shares, and Cook one hundred ninety-one shares thereof; that on March 1, 1921, and at all times thereafter, the bank was insolvent and the shares of stock thereof were of no value; that the Applegates and Cook were the executive officers of the bank, and as such were entrusted by its board of directors with the entire management of its affairs, including the matter of preparing the statements required by law to be submitted to the State Board of Tax Commissioners to be used by the board in fixing the taxes to be assessed against the stock of the bank, and being so entrusted, did, on or shortly after March 1, 1921, prepare and submit to the board a statement as to the assets of the bank, but in doing so, and for the purpose of concealing the insolvency of the bank, fraudulently stated that the bank was the owner of property, credits, money and demands of the value of $160,000; that the State Board of Tax Commissioners, believing and relying upon the statements so made, assessed the bank stock, fixing its value for the purpose of taxation at $160 per share, and certified

the assessment to the auditor of Harrison county, the county in which the bank was located; that the auditor thereupon extended on the county tax duplicate the taxes against the several holders of the bank stock, including the Applegates and Cook, and such duplicates were delivered to, and are now in the hands of, the defendant, appellee herein, as treasurer of the county, for collection, the total of such taxes being in excess of $5,000. It is further averred in the complaint that, on March 16, 1922, George W. Applegate, Benjamin S. Applegate and Wilson E. Cook, their wives joining, executed and delivered to the New Albany Trust Company, appellant herein, a deed and contract of assignment, by which they transferred all of their property to appellant in trust for the benefit of their creditors, and empowered such assignee to maintain in its own name any and all proceedings necessary to obtain and preserve for the creditors the property assigned. It is also averred that neither appellant as assignee, nor the creditors represented by it, had any knowledge of the true value of the bank stock until after the expiration of the time fixed by law for an appeal from the assessments; and that appellee, as county treasurer, is threatening to, and if not enjoined by the court will, sell the property held by appellant as assignee, and apply the proceeds to the payment of such taxes, to the irreparable damage of the creditors.

A demurrer to the complaint for want of sufficient facts was sustained, and appellant having refused to plead further, judgment was rendered in favor of appellee. The action of the trial court in sustaining the demurrer is the only error assigned.

The one question presented by this appeal is whether or not the act of appellant's assignors in making

1, 2. the false statement to the State Board of Tax Commissioners as to the assets and financial

4 APPELLATE COURT OF INDIANA,

New Albany Trust Co., Trustee, *v.* Taylor, Treas.—82 Ind. App. 1.

condition of the bank is sufficient to render void the assessment made thereon. The rule is well established that for fraud on the part of the taxing officers, in the assessment of property, equitable relief may be granted to taxpayers. *Pittsburgh, etc., R. Co.* v. *Backus, Treas.* (1893), 133 Ind. 625, 652; *Hart* v. *Smith* (1902), 159 Ind. 182, 184, 95 Am. St. 280, 58 L. R. A. 949; *Merrill* v. *Humphrey* (1871), 24 Mich. 170; *New Haven Clock Co.* v. *Kochersperger* (1898), 175 Ill. 383, 51 N. E. 629; 2 Cooley, Taxation (3d ed.) 1459. In the instant case, there is no contention that the taxing officers were guilty of any fraud. On the contrary, they acted in entire good faith. The fraud, if any, was that of the assignors, who owned most of the bank stock. It is urged by appellant that, since the assessment by the taxing officers was induced by the false statement of the assignors who owned the stock, it is just as much a fraudulent assessment from which equity will give relief as it would have been if the wrongdoing had been that of the officers who made the assessment. In this, we cannot concur. It appears that on March 1, 1921, the bank was a going concern, and that the stock, the assessment of which is now under consideration, did, in fact, exist in the hands of appellant's assignors, to whom, as individuals, it was the statutory duty of the board to make the assessment. In making the assessment, the tax board performed its duties in all things according to the provisions of the taxing statute. To be sure, the board was misled as to the value of the stock by the false statement as to the assets and liabilities of the bank, but that fact, in and of itself, did not render the assessment void and uncollectible. It is a matter of common knowledge that not infrequently property is listed for taxation by the owner at a fictitious valuation as a means of bolstering up the owner's credit or of deceiving purchasers. It is also

well known that, in listing property for taxation, owners do not always take advantage of the statutory provisions which authorize a deduction of indebtedness. "If, under such circumstances," as stated by the Supreme Court of Iowa in its decision of a case in all respects similar to the case at bar, "the creditors of every failing debtor may go into the courts and enjoin the collection of taxes assessed against him under the claim that the taxed property was over valued or that the debtor failed or refused to exercise his right to the full extent to set off his debts and liabilities against his taxable moneys and credits, the collection of public revenues might be seriously embarrassed by vexatious litigation." *Carpenter* v. *Jones County* (1906), 130 Iowa 494, 107 N. W. 435.

It follows that the demurrer to the complaint was properly sustained.

Affirmed.