STATE EX REL. V. PERCY FASSIG.

1. Constitutional Amendment Relating to Workmen's Compensation Enabling Provision not Limitation.

> The constitutional amendment, Art. 2, Sec. 35, relating to workmen's compensation is an enabling provision, as distinguished from a limitation, and should be liberally construed. Its obvious intent is to transfer the subject of workmen's compensation to an administrative board with summary powers, and the power to enact a compulsory law necessarily implies power to make it effective.

2. Provisions for Enforcement of Award by Compensation Act Constitutional.

> The provisions of Sec. 27 of Act 103 O. L. 72 (Sec. 1465-73 G. C.) (workmen's compensation act), authorizing an award against an employer who has failed to comply with the act and, in case of his refusal to pay, that an action be brought in the name of the state for the benefit of the person entitled thereto for recovery of the amount of the award with a penalty of 50 per cent. added, is within the constitutional amendment relating to compensation acts.

ERROR.

E. C. Turner, Atty-Genl., J. G. Price and Eugene Carlin, Spec. Cnsl.; R. P. Dunacn, Pros. Atty., and W. J. Ford, Asst. Pros. Atty., for plaintiff in error.

Wilson & Rector, McGhee, Davis & Boulger, J. F. Rogers, T. J. Keating and C. M. Voorhees, for defendant in error.

**ALLREAD, J.**

This action involves the constitutionality of Sec. 27 of the workmen's compensation act of 1913 (103 O. L., 72), authorizing the industrial commission in cases where the employer has failed to comply with the act upon said application and hearing under rules to be prescribed, to make an award of compensation in favor of an employee (or his dependents, in case of death) for an injury not purposely self-inflicted, occurring in the course of his employment. It is further provided that the award shall constitute a liquidated claim for damages and that upon failure,

neglect or refusal of the employer, after notice, to pay such award, an action may be brought against the employer in the name of the state for the benefit of the person entitled thereto for the amount of the award with an added penalty of fifty per centum.

The defendant, Fassig, was an employer of five or more employes and had failed to comply with the provisions of the workmen's compensation act.

Pond, for whose benefit the action was brought, was an employee, sustained an injury in the course of his employment, and made application to the industrial commission to fix the amount of compensation for the injury. An award was accordingly made, and upon the refusal of the employer to pay, suit was brought for the amount of the award with penalty.

The court below, upon motion, rendered judgment upon the pleadings in favor of the defendant upon the ground that Section 27 of the workmen's compensation act was unconstitutional.

The state prosecutes error.

The workmen's compensation act rests upon the following constitutional amendment (Art. 2, Sec. 35) adopted in 1912:

''For the purpose of providing compensation to workmen and their dependents, for death, injuries, or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state determining the terms and conditions upon which payment shall be made therefrom, and taking away any or all rights of action or defenses from employees and employers; but no right of action shall be taken away from any employee when the injury, disease or death arises from failure of the employer to comply with any lawful requirement for the protection of lives, health and safety of employees. Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights and claims thereto.''

The constitutional amendment is an enabling provision, as

distinguished from a limitation, and should be liberally construed.

Workmen's compensation acts in this and other jurisdictions resting upon the general police power, were found to be somewhat fettered and restricted by general limitations of the Constitution.

The amendment under consideration was obviously intended to transfer the subject of workmen's compensation to an administrative board with summary powers.

The details of construction within the reasonable scope of the amendment was necessarily left to the discretion of the Legislature.

The following statement of Bradbury, C. J., in *Hubbard v. Brush*, 61 Ohio St. 265 [55 N. E. Rep. 829], in respect to another section of the Constitution, is appropriate here:

"From the nature of its objects, and the brevity required of these fundamental instruments, they can not deal in definitions, but can lay down only general rules, and employ general terms, leaving questions of construction to the appropriate departments of the government."

The purpose of the workmen's compensation amendment as well as of the act adopted thereunder was to embrace a comprehensive scheme of relief for all occupational accidents, and not merely for those founded upon negligence. The amendment authorized a compulsory measure. The power to enact a "compulsory" law necessarily implies the power to make the act effective. This is the sum and substance of the great opinion of Chief Justice Marshall in *McCulloch v. Maryland*, 17 U. S. (4 Wheat.) 316 [4 L. Ed. 579].

Section 26 of the compensation act authorizes the employee to bring an action against the employer for injuries sustained by the employer's negligence or default, but does not provide a remedy for cases of purely accidental injuries.

Section 27 of the workmen's compensation act follows the general scheme and gives relief to employees for all accidental injuries arising in the course of employment.

The provisions of Sec. 27 are, therefore, reasonably necessary to make the act complete.

Section 27 of the workmen's compensation act charges the noncomplying employer with the amount the employee would have been entitled to receive under the regular system of workmen's compensation in case the law had been complied with. This liability is in the nature of a penalty and may be sustained as a liability created by statute.

It was the legal duty of the employer to protect his employees under the workmen's compensation act. Th' liability of noncomplying employers prescribed in Sec. 27 is within the scope of the powers implied in the workmen's compensation amendment and founded upon sound principles of justice.

This doctrine is well stated in *Cincinnati, H. & D. Ry.* v. *Sullivan*, 32 Ohio St. 152, 159, involving the statutory obligation of railroad companies to light their tracks within municipal corporations.

Judge Scott in the opinion says:

"And if such a duty can constitutionally be imposed on a railroad company, its performance may be secured by necessary sanctions. And, certainly, no milder sanction could be effective, to secure the performance of the duty imposed, than that which authorized the performance of the duty required, by the municipality, at the expense of the delinquent railroad company."

Statutes providing for double and even treble damages in favor of the injured party, and against the party in default have been upheld. *Jensen* v. *Railway,* 25 S. D. 506 [127 N. W. Rep. 650; 35 L. R. A. (N. S.) 1015], and cases cited.

It is urged that Sec. 27 does not seek to compel a contribution to the state fund, but amounts to a liquidation of damages between employer and employee. But a statute should not be held unconstitutional merely because of its form. A court should look as well to its substance and effect. It would seem reasonable that some relief be afforded the employee of the noncomplying employer, and that such relief could not with justice be paid out of funds contributed by other employers. It would be rational to require such non-complying employers to contribute the amount required. This is the effect of Section 27, although the process is more direct.

It is also urged that the board of awards by Section 27 exercises judicial power.

The creation of administrative boards having *quasi*-judicial duties is not unfamiliar. Commissioners of counties and trustees of townships have jurisdiction in ditch and road cases, and county auditors in matters of taxation. The fact that actions in review or on appeal are provided, meet the constitutional requirements. *Taylor* v. *Crawford*, 72 Ohio St. 560 [74 N. E. Rep. 1065; 69 L. R. A. 805].

But even if it is necessary to make the award of the industrial commission valid, that there be a provision for notice to the employer and an opportunity to be heard, we think both notice and a hearing are fairly inferred, if not expressly provided, in Sec. 27. The employee is required to file an application which "the board shall hear and determine." To "hear and determine" implies procedure according to the rules of courts of equity. "Words and Phrases" *sub nom.* "Hearing." Where a proceeding of this character is prescribed by statute, the inference is that the hearing is *inter partes* and not *ex parte*. To hear and determine the application of the employees would under Sec. 27 involve a hearing in which the interested employer is brought in and given an opportunity to be heard.

If there be any doubt in respect to the intention of the Legislature in this respect, it is dispelled by the following provisions in Sec. 27:

"And the state liability board of awards shall adopt and publish rules and regulations governing the procedure before the board provided in this section, and shall preserve forms of notices and the mode and manner of serving the same in all claims for compensation arising under this section."

The fundamentals being provided for by statute, matters of form and detail may be delegated to the commission.

The pleadings are silent as to whether notice was given, but regularity is presumed, and in the absence of a showing to the contrary, we are bound to assume that notice was given and a hearing had in accordance with the statute.

The industrial commission, however, acts as an executive

board rather than as a *quasi*-judicial tribunal. Their powers are conferred under authority of Art. 2, Sec. 35, of the constitution.

It was competent for the Legislature under constitutional authority to transfer the subject of workmen's compensation to the administrative department. See *Fairview*. v. *Giffee*, 73 Ohio St. 183 [76 N. E. Rep. 865] ; *Miami Co.* v. *Dayton*, 92 Ohio St. 215 [110 N. E. Rep. 726] ; *State* v. *Creamer*, 85 Ohio St. 349 [97 N. E. Rep. 602; 39 L. R. A. (N. S.) 694].

The constitutional amendment expressly authorizes and the workmen's compensation act expressly confers upon the industrial commission power to determine all rights of claimants to the state fund, and to fix the rates of contribution thereto. There is no question as to the power over employers who comply with the act. As to such employers and their employees, the constitutional authority is ample and the act is admittedly valid.

It would be unreasonable and illogical to confine this power to the willing and let the unwilling go "scot free."

It is true that the annual contribution to the state fund might be directly enforced by penalties. The Legislature is not, however, confined to that remedy, but has a wider discretion.

It is also contended that Sec. 27 is repugnant to the constitutional provision guaranteeing the right of trial by jury.

There is no denial in the act of the right of trial by jury. The proceeding against the employer is required to be brought in a court of general jurisdiction in which a jury trial can be had as to every basic fact except the amount of the award. *Reckner* v. *Warner*, 22 Ohio St. 275.

The provision making the award in favor of the employee the measure of recovery in the action against the noncomplying employer is not in conflict with the right to a jury trial. The remedy prescribed in Sec. 27 is not a mere extension of the common law action involving employer's liability. The action is founded upon an entirely different basis. It is a statutory action and arises out of the workmen's compensation amendment and act. The statute may properly prescribe the liability and the measure of recovery. *Cincinnati, S. & C. Ry.* v.-*Cook*, 37 Ohio St. 265; *Champaign Co.* (*Comrs.*) v. *Church*, 62 Ohio St. 318 [57 N. E. Rep. 50; 48 L. R. A. 738; 78 Am. St. Rep. 718].

State ex rel. v. Fassig.

The right of trial by jury is a favored right, but does not prevail over the workmen's compensation provision expressly committing the subject-matter to an administrative board with power to make awards upon claims of injured workmen.

We should not overlook the force and effect of the amendment and treat the subject merely under the police powers.

Our duty is to consider the old law, the mischief and the remedy, and interpret the constitution broadly to accomplish the manifest purpose of the amendment.

Amendments plainly remedial should not be held merely declaratory of existing laws.

It is contended that 'the attorney-general and the prosecuting attorneys are not authorized to bring suit or prosecute the claims of individual workmen against individual employers.

The duties of the attorney-general and prosecuting attorneys are left largely to the discretion of the legislature, and we can conceive of no constitutional reason why the attorney-general and prosecuting attorney may not, in cases where the employers fail to comply with the provisions of the workmen's compensation act, be authorized to prosecute action and thereby enforce the workmen's compensation act.

The conclusiveness of the award, the added penalty and the furnishing of the state's counsel, do not violate the equal protection provision of the constitution, in view of the nature of the remedy and the purpose to be accomplished.

The workmen's compensation amendment and act are based upon the general welfare, as are all the employers' liability statutes.

For more than thirty years there has been progressive legislation regulating employer's liability and the constitutional power to enact reasonable laws to better the condition of employees and to provide for their safety and welfare, has not been seriously doubted. The general police power has now been augmented by a constitutional amendment expressly providing for workmen's compensation.

The cases holding that allowances of attorneys' fees and penalties in favor of the plaintiff in civil cases are in violation of the equal protection provision of the constitution, involved no

question of public policy behind the enforcement of the civil liability.   See *Jensen* v. *Railway, supra,* and cases cited.

Counsel for the defendant have presented able and exhaustive briefs.   Many cases have been cited and reviewed.   The questions are new and not free from doubt.

Legislative acts are not however to be declared void unless clearly repugnant to the constitution.   *State* v. *Creamer, supra; State Bd. of Health* v. *Greenville,* 86 Ohio St. 1 [98 N. E. Rep. 1019; Ann. Cas. 1913 D, 52n].

We have reached the conclusion that Sec. 27 of the workmen's compensation act is not so clearly repugnant to the Constitution as to justify us in holding it invalid.

The judgment of the court of common pleas is, therefore, reversed and cause remanded with instructions to overrule the motion for judgment on the pleadings and for further proceedings.

**Ferneding** and **Kunkle, JJ.,** concur.