CRANE, EXR., *v.* McCARTHY ET AL.

*Taxation — Warnes law — Board of complaints — State tax commission — District assessor, duty of — Correction of erroneous tax return — Listing and valuation of personal property — Appeal from action of district assessor.*

1. Under the act known as the Warnes law (103 O. L., 786) it is the duty of the district assessor to list and value for taxation all personal property subject to taxation in the county constituting his assessment district, and if he finds any statement or return to be erroneous either in the amount of property listed or in the valuation of any item or items to correct such statement or return.

2. Under the Warnes law no particular method is pointed out as to how the district assessor arrives at the amount of the property or its value, and no provision is made as to taking evidence by the district assessor in regard thereto, or as to making any record of such evidence. He acts as an assessing officer, and if he assesses property that is not owned by the person against whom it is listed, or if the valuation made by the assessor is in excess of its true value, relief is provided by an appeal to the board of complaints, and from that board to the state tax commission, and an appeal can ultimately be had to the courts.

(Decided February 26, 1917.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Wm. F. Fox,* for plaintiff.

*Mr. J. V. Campbell,* prosecuting attorney, for defendants.

JONES, P. J.   Plaintiff as the executor of the estate of William J. Grew seeks to enjoin the collection of taxes on the personal property of said estate as listed on the 1914 tax duplicate of Hamilton county by the district assessors.   It is admitted that Mr. Grew, who died August 30, 1914, was a resident of Cincinnati, and had made no return of his personal property for taxation for the year 1914, although he had at the time of his death personal property as detailed in an inventory filed by his executor in the probate court, a copy of which was certified to the district assessors.

After notice to the executor, and conferences with his attorney, the district assessors on January 22, 1915, placed upon the tax list for the year 1914, in the name of said executor, as the value of the personal property of said estate subject to taxation, the amount of $44,250.

Plaintiff claims this action was illegal and void on two grounds:

1. Because the district assessors acted without any evidence.

2. That they failed to comply with Section 5401, General Code, and file a statement of the facts or evidence upon which such correction was made.

The petition contains an allegation that said W. J. Grew had no such an amount of personal property subject to taxation on February 1, 1914.   The proofs show that 150 shares of United States Steel common stock was acquired by Mr. Grew February

14, 1914, and therefore was not owned by him on tax-listing day; but no evidence was produced to show that he was not the owner of any other part of his said personalty covered by the inventory. It did appear, however, that he was not in active business, having been retired about three years, and spending his time in travel and in efforts to improve his failing health. One of the district assessors of taxes testified that he was personally acquainted with Mr. Grew and knew him as a man of reputed means, but that he was largely guided by the list of property shown in the inventory in the action of the assessors in making this correction in the tax list.

Under Sections 4 and 9 of the act known as the Warnes law, 103 O. L., 787, 789 (Sections 5582 and 5587, General Code), it is the duty of the district assessor to list and value for taxation all personal property subject to taxation in the county constituting his assessment district, and if he finds any statement or return to be erroneous either in the amount of property listed or in the valuation of any item or items to correct such statement or return.

Under this law it was undoubtedly the duty of the district assessors of Hamilton county to list the property of the estate of William J. Grew for taxation. No particular method is pointed out in the statute as to how the district assessor arrives at the amount of the property or its value, and no provision is made as to taking evidence by the district assessor in regard thereto, or as to making any record of such evidence. He acts as an assessing officer, and if he assesses property that is not owned

by the person against whom it is listed, or if the valuation made by the assessor is in excess of its true value, relief is provided by an appeal to the board of complaints, and from that board to the state tax commission, and an appeal can ultimately be had to the courts, under Section 12075, General Code. No appeal to the board of complaints was made or attempted in this case, for the reason, as stated, that it was not in session at or after the time of the correction complained of.

Counsel for plaintiff assumes that the action of the district assessors was taken under authority of Section 5 of the Warnes Law (Section 5583, General Code), such district assessors acting as the county auditor acted under the terms of Section 5401, General Code, which requires the filing of a statement of facts and evidence on which the correction is made. It is a serious question whether, notwithstanding the terms of the law, an appointed officer such as a district assessor could assume and take over the duties of an elected county official such as the county auditor. If, however, it is conceded that the district assessors could act as the county auditor did, they would act under the terms of Section 5399 rather than 5401, as the first-named section applies strictly to omitted property, while the latter applies to corrections where a return has actually been made. In this case no return was made.

The cases relied upon by plaintiff, *Fratz* v. *Mueller,* 35 Ohio St., 397, and *Ratterman, Treas.,* v. *Niehaus & Klinkham,* 4 C. C., 502, do not therefore apply. Both of these cases relate to the action of a board of equalization whose functions were

somewhat the same as those provided for a board of complaints in the act under consideration.

. Evidence was also introduced in this case showing that the same property had been listed for taxation by the county auditor for the years 1911, 1912 and 1913, and that taxes upon it had been paid for those years. These facts taken in connection with the fact that there is no evidence to show that the district assessors acted without authority in making this charge upon the tax list, except so far as the U. S. Steel stock was concerned, require the court to find against the plaintiff as to the other property.

A decree may be taken enjoining the collection of so much of the tax as relates to the United States Steel stock, which will require a reduction of $7500 from the total valuation listed and the corresponding reduction in the tax charge, and refusing further relief.

*Judgment accordingly.*

GORMAN and HAMILTON, JJ., concur.