### REVISION OF TAX VALUATIONS.

Common Pleas Court of Franklin County.

JACOB ZETTLER, JR. vs. H. SAGE VALENTINE and W. M. CINDER.

Decided, October 31, 1921.

*Taxation—Right of Appeal from Valuations as Fixed by County Boards of Revision.—Section 5610 Construed.*

The provision of Section 5610 for appeal from a decision by a county board of revision to the state tax commission permits of an appeal in a case where a reduction has been granted but in an amount which the property owner regards as inadequate, as well as in cases where the tax valuation has been increased.

*H. H. Bradford* for plaintiff;

*John R. King* and *Wilber E. Benoy* for defendants.

WARNER, J.

Heard on defendants' demurrer that there is no jurisdiction.

The plaintiff believes that he has no appeal from the county board of revision from its decision on application for a reduction in tax valuation and seeks to bring his action in a court of equity for relief.

The case turns on a construction of Section 5610 of the Ohio statutes. The plaintiff's petition shows that the county auditor fixed the value of said real estate for taxation purposes; that he then invoked the jurisdiction of the county board of revision and submitted his case and secured said board's decision. He complains of said decision for the reason that it did not sufficiently reduce said valuation. The petition does not allege that an appeal was made to the Tax Commission of Ohio from the decision of the county board of revision. Must he do so before a court of equity will entertain jurisdiction?

Largely because of the difficulties arising out of a somewhat ancient system of taxation that caused great irregularities and injustice to the tax payer, the Ohio Tax Commission was evolved.

It is the duty of this commission to supervise and direct the assessment for taxation of all property within the state. The county auditor of the respective counties is the chief taxing officer in said county but under the supervision of said commission.

Under this comprehensive system of taxation we have the

local county board of revision which may revise the action of the county auditor in fixing tax valuations. The board has unlimited power to hear complaints relative to taxation or assessment and to increase or diminish such valuation. Ample provision is made for equipping this board with clerks and expert tax men to enable the board to arrive at a proper tax valuation of the property in controversy. In addition to this, Section 5610 gives an appeal to the head of the taxation department of the state, the Ohio Tax Commission. Section 5610, General Code, provides:

"An appeal from the decision of a county board of revision may be taken to the tax commission of Ohio, within thirty days after the decision of such board, by the county auditor of any complainant or any person, the valuation of whose property is increased by the county board of revision. Such appeal shall be taken by written notice to that effect, filed with the tax commission, and with the county auditor. Under receipt of notice of appeal, the county auditor shall notify all interested, in the manner provided herein, and shall file proof of such notice with the tax commission of Ohio. The county auditor shall thereupon certify to the commission a copy of the record of the board of revision pertaining to the original complaint, together with the minutes thereof, and all evidence, documentary or otherwise, offered in connection therewith. Such appeal may be heard by the commission in the county where the property is listed for taxation, or the commission may cause one or more of its examiners to be sent to such county, to conduct such hearing, which shall be held not more than thirty days from the notice of such appeal. Such examiners shall report their findings thereon to the state tax commission for its affirmation or rejection."

Section 5611 defines how the appeal may be heard by the commission.

Section 5611-1 defines how its findings are made effective, and 5611-2 provides for a review by the court of common pleas of the county where the complaint was originally filed.

It is apparent that the purpose of the Legislature was to lodge the final determination of tax valuations with the Ohio Tax Commission, except on showing to the court, by clear and convincing evidence, that the value of the property as determined by the tax commission is not the true value.

The law in a comprehensive manner and at great expense has provided the tribunals to which a party aggrieved in the matter of tax valuation may appeal. Having done so, a party may not resort to a court of equity until he has exhausted all his legal remedies. 28 O. C. A. 396. 100 O. S. 433.

But it is claimed by plaintiff that Section 5610 of the General Code is not broad enough to cover this case for the reason that said section provides for an appeal for those whose property has been increased, but not for those whose property valuation was decreased but not sufficiently to form a proper and just valuation for tax purposes.

The court is of the opinion that this position is untenable.

A system that is so comprehensive as our present system (with its imperfections) would not tolerate such a narrow construction of this section. Surely it would not be upheld by the court. The tax commission may reduce to such an extent the valuation of property that any other person may complain therof; in the interest of the public good any person could appeal from a too low valuation. So that in a liberal construction of said section, and these statutes must be construed liberally in favor of the tax payer, the only thing necessary to enable one to appeal from the county board of revision is a statement that the complainant has been adversely affected by said board's decision. To narrow the scope of this statute to the extent claimed by plaintiff would operate to defeat the purpose of the section which is to give an appeal to any one who has been aggrieved by the board's action, whether it be to increase the valuation, refusing to decrease sufficiently, decrease too much or make no change in the valuation.

Under this section, therefore, I am of the opinion that the plaintiff had an appeal to the tax commission of Ohio if he felt aggrieved; that under the law it was his duty to exhaust his remedy with said tax commission before seeking relief in a court of equity; that his petition failing to state that he has followed the remedies provided by law is, therefore, open to the jurisdictional attack raised by the demurrer. I therefore find that this court has no jurisdiction in this case and the demurrer thereto is sustained.